MAY TERM
1835.

Sharp
v.
Colgan.

fidavit made and certified—an appeal bond signed and filed, but not tested by the justice. Held, sufficient evidence of an appeal—and that it was the duty of the J. to have certified the appeal bond; and the circuit C. did right in permitting a new one to be filed.

———◦✳◦———

### SHARP v. COLGAN.

1. Action of covenant for not making deed on a certain day—plea, that defendant offered to make the deed and that plff. refused to accept it. Replication denying the tender—issue—Held, that proof that plff. said he was ready to make the deed—and that defendant said he was ready to recieve it—but that both agreed to wave the making at that time—did not support the plea.
2. More than nominal damages may be recovered on the covenant sued on, the breach of which is assigned.
3. The deed declared on, does not itself convey the title.
4. If a breach, as assigned, is too large, the declaration may be amended—and it can be no reason for refusing to reverse on account of a misdirection of the judge to the jury.

ERROR to the circuit court of Cole county.

McGIRK JUDGE, delivered the opinion of the court.
Sharp brought an action of covenant against Colgan on the following deed:

Covenant.

"Memorandum of an agreement made this 21st day of November, 1818, between Daniel Colgan of the village of Cote sans dessien in the Territory of Missouri, and Benj. Sharp of the other part witnesseth, that for and in consideration of the sum of five hundred dollars all to be paid in cash except one horse, &c. the said Daniel Colgan has bargained and sold unto the said Sharp a certain tract of land &c., describing the land. The said Colgan is to warrant and defend the said land to the said Sharp, his heirs and assigns, and is to attend at the said Sharp's house on the first day of January next, to receive the said horse, and to perfect this agreement by giving the necessary obligations for securing and confirming the title of the said land in general warranty,—to the said

Deed declared on.

MAY TERM
1835.

Sharp
v.
Colgan.

Breaches assigned

Plea.

Action of covenant for not making deed on a certain day--plea, that defendant offered to make the deed and that plff. refused to accept the deed and that plff. refused to accept it. Replication denying the tender--issues--Held, that proof that plff. said he was ready to make the deed --and that defendant said he was ready to recieve it --but that both agreed to wave the making at that time--did not support the plea.

Sharp his heirs and assigns. Colgan is forthwith to put Sharp in possession &c. For the true permanance of this covenant the parties bind themselves in the sum of one thousand dollars, &c."

The plaintiff assigns breaches in the words of the covenant that Colgan did not make the necessary obligation for securing the title to Sharp his heirs &c. In general warranty &c.

The defendant pleaded first, non est factum. 2nd. That the defendant did on the day and at the place, atten- and there offered to make the necessary obligation required by the covenant to the said Sharp, and that Sharp refused to accept the same, the plea then goes on to allege that, Sharp said and that he the defendant agreed that the bond or agreement already in existence was as good a deed as then could be made, both agreed to let the matter rest for the present. Thus waving the making any farther deed at that time.

To this plea the plaintiff replies to the tender and says nothing as to the excuse, then there is issue of fact on the tender; the defendant pleaded some other pleas which were demurred to, and the demurrer was sustained.

On the trial the defendant gave evidence that on the first day of January 1819, Colgan attended at the house of Sharp and told Sharp he was ready and willing to make the necessary deed &c. Whereon the plaintiff said he was ready to recieve it. The witness then suggested that the paper or covenant was as good a title as could then be made, and it was unnecessary to make any other; the parties both agreed to this and nothing farther was done.

The plaintiff asked the court to instruct the jury, that this amounted to no evidence to support the plea of tender and refusal; the court refused the instruction; the jury gave a verdict for the defendant. The refusal to reject this evidence is assigned for error.

We are clearly of opinion this evidence should have been rejected; the evidence proved an excuse for not making the tender, but so far from proving a tender and refusal, expressly proved the contrary. The matter of the excuse was not put in issue. We have nothing to do with it, till put in issue and brought before us. But it is argued by Colgan's counsel that upon the whole matter, the judgment is for the right party and therefore ought to stand. The argument is, that the plaintiff's declaration is bad or that on this covenant the plaintiff could never

recover any thing more than nominal damages, and that for mere nominal damages the court would not set aside a nonsuit, and so here, though the testimony was wrongly admitted, yet nothing of value will be gained by sending the case back.

We will decline the examination of this question, as we are of opinion that more than nominal damages may be recovered on this covenant.

It is argued by the counsel that this memorandum of agreement does transfer and pass to Sharp the fee simple and does amount to a general warranty. We are not of this opinion. The deed or writing says Colgan has bargained and sold the land to Sharp—this might prevent Colgan and those claiming under him from recovering the possession of the land of Sharp by way of estoppel, but it would not put the title in Sharp, so that the land would descend to his heirs, nor could he sell it in fee to another. The language of the agreement is, that Colgan is to warrant and defend the title &c. This we think refers to the quality and power of the obligation to be made, which is to be a deed securing the title to Sharp his heirs &c., and is also to contain a clause of general warranty. To prove this position correct Sharp's counsel have cited Jackson on the demise of Ludlow et al. v. Myers. 3 J. R. 387. This case we think is in point. On the other side to prove that this deed conveys the fee simple *in presenti* a case has been cited from Johnson's Reports where it was holden that a deed or covenant to make a good general warranty deed was satisfied by making such deed, without regard to the title. This last case may be correct but we doubt it; but if it be, yet it does not come up to the case before us; here the covenant is not only to make a general warranty deed, but it is also to make such deed as may be necessary to secure the title in general warranty. There must be a general warranty and also a title secured: a general warranty does not secure the title, but damages in case of eviction. We will pursue this point no farther. Another objection to the declaration was that the breach was too large. If this be so it is not within the rule alluded to; because that might be amended.

The judgment of the circuit court is reversed; the cause is remanded &c.

If a breach, as assigned, is too large the declaration may be amended—and it can be no reason for refusing to reverse on account of a misdirection of the judge to the jury.